UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHAN VILLEGAS,                                )
                                               )
                    Plaintiff,                 )
                                               )          12 Civ. 6465 (JGK)
       -against-                               )
                                               )          **AMENDED COMPLAINT**
                                               )
THE CITY OF NEW YORK; POLICE                   )          **JURY TRIAL DEMANDED**
OFFICER JOVANI SOTO, Shield No. 20487;         )
POLICE OFFICER ANGEL CRESPO, Shield No.        )
14376; POLICE LIEUTENANT ROGER LURCH;          )
POLICE SERGEANT SAWICK; JOHN DOES;             )
RICHARD ROES,                                  )
                                               )
                    Defendants.                )
----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which plaintiff JOHAN VILLEGAS seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on July 25, 2011 concerning his malicious prosecution claim, within 90 days of the dismissal of the criminal charges against him. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff JOHAN VILLEGAS is a citizen and resident of the United States, and at

all times relevant herein was a resident of the State of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, the employees of which act as its agents in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force, and the employment of police officers, as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants SOTO, CRESPO, LURCH, SAWICK and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants SOTO, CRESPO, LURCH, SAWICK and JOHN DOES are sued individually.

10. Defendants LURCH, SAWICK, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the

training, retention, supervision, discipline and control of police officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants LURCH, SAWICK, and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On the night of July 2, 2010, Plaintiff JOHAN VILLEGAS was speaking with some acquaintances on 109th Street in Manhattan, between Amsterdam Avenue and Broadway.

12. Defendants NYPD Officers JOVANI SOTO and ANGEL CRESPO pulled up in a marked police car.

13. Plaintiff and one of his acquaintances walked away from the others, continuing on their way.

14. Defendants SOTO and CRESPO stopped Plaintiff aggressively.

15. Defendants SOTO and CRESPO, over Plaintiff's explicit objection and direction, searched Plaintiff's person.

16. Defendants SOTO and CRESPO unbuckled Plaintiff's belt and felt around his boxer shorts.

17. Defendants SOTO and CRESPO put Plaintiff in handcuffs, which were applied with an excessive and extremely painful tightness.

18. Defendants SOTO and CRESPO stated to Plaintiff, in sum and substance, "tell us where it's at."

19. Plaintiff told Defendants SOTO and CRESPO that he did not know what they were talking about, and that he did not know why he had been arrested.

20. When Defendants SOTO and CRESPO placed Plaintiff, handcuffed, into their police car, Defendant CRESPO slammed the car door on Plaintiff's shoulder.

21. Plaintiff complained to Defendants SOTO and CRESPO repeatedly about the painful tightness of the handcuffs, and asked them to loosen the handcuffs.

22. Defendants SOTO and CRESPO ignored Plaintiff's complaints and requests concerning the tightness of the handcuffs.

23. Defendants SOTO and CRESPO took Plaintiff to the NYPD 24th Precinct.

24. At the precinct Defendants SOTO and CRESPO showed Plaintiff two packets containing some substance, and told Plaintiff – entirely falsely – that that was what Plaintiff had had.

25. At the 24th Precinct Plaintiff was subjected to an unlawful strip search by Defendants SOTO and SAWICK, in which Plaintiff was required to spread his buttocks and lift his genitals for the officers' inspection.

26. Plaintiff was held at the precinct until the sun rose, and then was taken to Central Booking.

27. Defendant LURCH was the supervisor approving the arrest and the preferral of charges to the District Attorney's office.

28. Plaintiff was falsely charged with one count of Criminal Possession of a Controlled

Substance in the Third Degree, New York State Penal Law § 220.16(1).

29. Defendant SOTO was the complainant on the Criminal Court Complaint, and attests in that document that he observed Plaintiff engage in a hand to hand exchange with an unapprehended buyer.

30. Defendant SOTO also attests in the Criminal Court Complaint that he is informed by Defendant CRESPO that Defendant CRESPO observed Plaintiff drop an object to the ground as he walked away from the police, and that Defendant CRESPO recovered two small ziplock bags containing crack/cocaine from the ground where Plaintiff allegedly dropped them.

31. These allegations in the Criminal Court Complaint are completely false.

32. Plaintiff had no drugs or other contraband on him.

33. Plaintiff had not given any drugs to anyone, nor exchanged anything with anyone, in the area.

34. Plaintiff did not drop any drugs, or anything else, in the area.

35. Plaintiff had nothing to do with any drugs on the night in question, and there was no reason for anyone to think that he had.

36. Bail was set on Plaintiff for $2,000.00, and Plaintiff's mother bailed him out.

37. On May 26, 2011, after six court appearances, the charge against Plaintiff was dismissed in its entirety on the motion of the Office of the District Attorney for New York County.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. By their conduct and actions in falsely arresting, maliciously prosecuting, abusing process against, assaulting and battering, strip searching, violating rights to equal protection under law of, violating the substantive and procedural due process rights of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account and/or evidence against, Plaintiff JUAN DIAZ, defendants SOTO, CRESPO and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

40. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

41. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C.

§1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

43. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

44. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies,

practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of racially discriminatory, stops, frisks, and arrests. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of using handcuffs to inflict pain and/or injury, and/or of failing to properly train its officers to apply handcuffs in a manner that will not cause pain and/or injury. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

50. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

### FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

51. Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

52. The conduct of defendants SOTO, CRESPO, DOES and ROES alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, defendant THE CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

53. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

54. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

55. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## CONSTITUTIONAL TORT

57.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

58.     Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

59.     A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

60.     As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

        a. Compensatory damages;

        b. Punitive damages;

        c. The convening and empanelling of a jury to consider the merits of the claims herein;

        d. Costs and interest and attorney's fees;

        e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          March 26, 2013

                                      JEFFREY A. ROTHMAN, Esq.
                                      315 Broadway, Suite 200
                                      New York, New York 10007
                                      (212) 227-2980
                                      Attorney for Plaintiff