UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

JOHAN VILLEGAS,

                                      Plaintiff,

                -against-

THE CITY OF NEW YORK; POLICE OFFICER JOVANI
SOTO, Shield No. 20487; POLICE OFFICER ANGEL
CRESPO, Shield No. 14376; POLICE LIEUTENANT
ROGER LURCH; POLICE SERGEANT SAWICK; JOHN
DOES; RICHARD ROES,

                                  Defendants.

-------------------------------------------------------------------- x

**STIPULATION OF SETTLEMENT**

12 CV 6465 (KPF)

        **WHEREAS**, plaintiff commenced this action by filing a complaint on or about August 23, 2012 and an amended complaint on or about March 26, 2013 alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations;

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **WHEREAS,** , plaintiff has assigned all of his rights to attorneys' fees, expenses and costs to his counsel, Jeffrey A. Rothman, Esq.; and

        **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms enumerated below; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in except as specified in paragraph "2" below.

2. Defendant The City of New York hereby agrees to pay plaintiff JOHAN VILLEGAS the sum of Five Thousand Dollars ($5,000) Dollars and plaintiff's counsel, Jeffrey A. Rothman, Esq., the sum of Seven Thousand Five Hundred Dollars ($7,500) as attorneys' fees, expenses and costs, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiff agrees to the dismissal, with prejudice, of all the claims against the defendants, The City of New York, Police Officer Jovani Soto, Police Officer Angel Crespo, Lieutenant Roger Lurch, Sergeant Gerard Sawicki and the individuals named herein as "John Does" and "Richard Roes", and to release the defendants and any present or former employees and agents of the City of New York, or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Plaintiff's counsel shall also execute and deliver to defendants' attorney a General Release based on the terms of paragraph 2 above. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient

plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants The City of New York, Police Officer Jovani Soto, Police Officer Angel Crespo, Lieutenant Roger Lurch, Sergeant Gerard Sawicki and the individuals named herein as "John Does" and "Richard Roes" regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant

proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       *October 8*, 2013

| | |
|---|---|
| Jeffrey A. Rothman, Esq.<br>315 Broadway, Suite 200<br>New York, New York 10007<br>*Attorney for Plaintiff*<br>(212) 227-2980 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>City of New York<br>*Attorney for Defendants The City of New York,*<br>*Police Officer Jovani Soto and Police Officer*<br>*Angel Crespo*<br>100 Church Street<br>New York, New York 10007<br>(212) 356-2370 |
| By: _____ 10/1/13<br>Jeffrey A. Rothman, Esq. | By: _____<br>James F. Desmond, Jr.<br>*Assistant Corporation Counsel* |